UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BERNARD BOTELER                                    PLAINTIFF

VS.                                CIVIL ACTION NO. 3:06CV128LN

PLEKO SOUTHEAST CORPORATION, ET AL.               DEFENDANTS

MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of plaintiff
Bernard Boteler to remand pursuant to 28 U.S.C. § 1447.  In
response to plaintiff's motion, defendants Transcontinental
Insurance Company and Continental Casualty Company, joined by the
remaining insurance defendants, filed a motion to sever misjoined
parties and opposition to remand.  The parties' motions have now
been fully briefed and the court, having considered the memoranda
of authorities submitted by the parties, concludes that
plaintiff's motion to remand should be granted and defendants'
motion to sever denied.

    Plaintiff, a Mississippi resident, filed this suit in the
Circuit Court of Rankin County, Mississippi seeking to recover
damages allegedly sustained as a result of the failure of his
home's synthetic-stucco-type Exterior Finishing Insulation System.
Plaintiff sued persons and entities that manufactured, designed,
marketed, sold and installed the subject system, including one
Mississippi citizen, Byrd & Cook Wall and Structure Coatings,

Inc., and joined with his claims against those defendants (the Stucco defendants) a declaratory judgment action against a number of nonresident insurers (the Insurer defendants) to determine whether they or any of them have a duty to indemnify their insureds in connection with plaintiff's claims.  Transcontinental and Continental, joined by the other insurer defendants, removed the case, contending that plaintiff's declaratory judgment action against them had been fraudulently or improperly misjoined with his claims against the Stucco defendants, and urging that this court should sever the claims against these two groups and retain jurisdiction over plaintiff's claims against the Insurer defendants.

Plaintiff moved to remand, taking the position that the joinder of his claim against the Stucco and Insurer defendants is expressly permitted by Mississippi Rule of Civil Procedure 57(b)(2) and approved by the Mississippi Supreme Court in <u>Lewis v. Allstate Insurance Co.</u>, 730 So. 2d 65, 71 (Miss. 1999), and also comports with Mississippi's rules of permissive joinder.

The concept of fraudulent misjoinder was first articulated by the Eleventh Circuit in <u>Tapscott v. MS Dealer Service Corporation</u>, 77 F.3d 1353, 1360 (11th Cir. 1996), <u>abrogated on other grounds</u>, <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069 (11th Cir. 2000), in which the court found that the misjoinder of claims against two groups of unrelated defendants was "so egregious as to constitute

fraudulent joinder."  Id. at 1360.  See also id. (holding that
misjoinder may be as fraudulent as the joinder of a resident
against whom a plaintiff has no possibility of a cause of action).
The court determined that in light of the egregious misjoinder, it
was proper to sever the claims from one another, and to permit the
diverse parties to remain in federal court as a properly removed
case.  The Fifth Circuit endorsed Tapscott's fraudulent misjoinder
holding in In re Benjamin Moore & Company, 309 F.3d 296 (5th Cir.
2002), observing that "misjoinder . . . should not be allowed to
defeat diversity jurisdiction."  In a subsequent opinion in the
Benjamin Moore case, the court observed that "fraudulent
misjoinder of plaintiffs is no more permissible than fraudulent
misjoinder of defendants to circumvent diversity jurisdiction. . .
. "  In re Benjamin Moore & Co., 318 F.3d 626, 630-31 (5th Cir.
2002).

     The Insurer defendants herein submit that the claims against
them are obviously misjoined with the claims against the Stucco
defendants, and that, as in Tapscott, the court should sever and
remand only the claims against the Stucco Defendants, while
retaining jurisdiction over the claims against them.  In the
court's opinion, however, defendants' position is foreclosed by
applicable Mississippi law.

     Although defendants argue that federal law governing proper
joinder applies to this misjoinder inquiry because "the right to a

federal forum simply can not depend on the caprice of the States," the courts of this state have held that in a removed case, the question whether there has been fraudulent or improper misjoinder is determined by reference to the state's rules on joinder.  See Mohamed v. Mitchell, 2006 WL 212218, *1 (N.D. Miss. 2006) (Davidson, J.) (stating that "[i]n determining whether any such egregious misjoinder has taken place in this case, Rule 20 of the Mississippi Rules of Civil Procedure applies"); Sweeney v. Sherwin Williams Co., 304 F. Supp. 2d 868, 875 (S.D. Miss. 2004) (Barbour, J.) (concluding that "Mississippi Rule 20 and supporting case law interpretations of Mississippi Rule 20 should be utilized in a fraudulent misjoinder analysis" rather than federal law); Jackson v. Truly, 307 F. Supp. 2d 818, 824 (N.D. Miss. 2004) (Mills, J.) (reasoning that "since fraudulent misjoinder claims are clearly analogous to fraudulent joinder claims, and, to the extent that applying Mississippi Rule 20 instead of Federal Rule 20 will affect the outcome of a fraudulent misjoinder case, the Court will apply the Mississippi rule").  The question thus presented is whether "[t]here is a reasonable possibility that [a Mississippi] court would find that plaintiffs' claims" are properly joined. Conk v. Richards & O'Neil, LLP, 77 F. Supp. 2d 956, 972 (S.D. Ind. 1999).

In Lewis v. Allstate Insurance Company, the Mississippi Supreme Court expressly held that an injured party may bring a

declaratory judgment against his tortfeasor's insurance carrier to

determine coverage "in the underlying action," stating,

> We take this opportunity to state that if an insurance
> company can conduct a declaratory action regarding
> coverage prior to resolution of an underlying wrongful
> death trial, then the insureds and third party
> beneficiaries should be able to raise the coverage
> question in the underlying lawsuit as well.  Pursuant to
> our rules of civil procedure, a hearing to determine
> coverage may be conducted if necessary.  <u>See</u> Miss. R.
> Civ. P. 57 cmt. (recognizing that a plaintiff may ask
> for a declaratory judgment either as his sole relief or
> in addition or auxiliary to other relief).  Such reviews
> of insurance contracts do not involve the jury and are
> often cursory.  <u>Accordingly, if a question of insurance
> coverage exists, a party should be able to bring the
> insurer into a lawsuit and have the coverage question
> resolved by the judge.</u>  It should be noted that this
> does not mean that a party can mention insurance before
> a jury, as that rule still holds in this state.  <u>West
> Cash & Carry Bldg. Materials of McComb, Inc. v. Palumbo</u>,
> 371 So. 2d 873, 876 (Miss. 1979).  <u>This procedure simply
> promotes judicial economy by allowing coverage questions
> to be resolved at the same time as an underlying
> lawsuit</u>; it does not allow the question to go to the
> jury except by previous rules in our decisions.

730 So. 2d 65, 71 (Miss. 1998) (emphasis added).  Consistent with

this holding, Mississippi Rule of Civil Procedure 57 was amended

in 2000 to permit a direct action against an insurer, so that the

rule now states:

> (2) A contract may be construed either before
> or after there has been a breach thereof.
> Where an insurer has denied or indicated that
> it may deny that a contract covers a party's
> claim against an insured, that party may seek
> a declaratory judgment construing the contract
> to cover the claim.

The Official Comments to Rule 57 address the amendment, stating,

Rule 57(b) was amended in 2000 to authorize an injured party, where an insurer has indicated that it may deny coverage of the injured party's claim, to seek a declaratory judgment establishing coverage.  The traditional rule in Mississippi barred any type of direct action by an injured party against an insurer, <u>Crum v. Mississippi Mun. Serv. Co., Inc.</u>, 1998 WL 378333 (N.D. Miss. 1998), citing <u>Hunt v. Preferred Risk Mut. Ins. Co.</u> 568 So. 2d 253; <u>Westmorland v. Raper</u>, 511 So. 2d 884 (Miss. 1987); and <u>Clark v. City of Pascagoula</u>, 507 So. 2d 70 (Miss. 1987).  The amendment modifies the traditional rule in the interest of judicial economy by allowing a direct action for the limited purpose of a declaratory judgment.

Allowing the injured party to seek a declaration that the injured party's claim is covered by the defendant's policy may reduce litigation costs.  First, it may avoid unnecessary litigation when the policy is the only asset that might satisfy the injured party's claim, because a determination of non-coverage would avoid the need of trial of the claim against the insured.  <u>In addition, if the injured party brings the claim for declaratory judgment together with the claim against the insured, the rule may allow all of the issues growing out of an incident to be resolved in a single judgment.</u>

<u>Id</u>. (emphasis added).

The Insurer defendants dismiss the court's statement in <u>Lewis</u>, <u>supra</u>, as dicta and irrelevant, and while they acknowledge that Rule 57 modified long-standing Mississippi law to permit an injured party to seek a declaratory judgment relating to a tortfeasor's insurance coverage, they maintain that the modification had no effect on joinder, which is governed, instead, by Mississippi Rule of Civil Procedure 20.  Specifically, they note that the Official Comment to Rule 57 expressly states that

whether the insured may or should be joined in the declaratory judgment action, and what other claims may be asserted, are issues to be determined under the

6

>            existing rules governing joinder of claims and parties.
>            Where such joinder is appropriate or necessary, the
>            court retains discretion under Rule 42(b) to order
>            separate trials in whichever sequence the court finds
>            most appropriate.  Absent extraordinary circumstances,
>            the failure to order separate trials in order to avoid
>            putting the issue of insurance before the jury which
>            tries liability and damages as between the insured and
>            the injured party will be deemed an abuse of discretion.

Defendants conclude that while plaintiff has evidently confused a party's right to maintain a declaratory judgment against an insurance company with the right to <u>join</u> that claim with a party's claim against the tortfeasor, and argue that this court must not make that same mistake.

Indeed, it does not necessarily follow from Rule 57's recognition that an injured party may bring an declaratory judgment action against his tortfeasor's insurer for a determination of coverage that such a claim is properly joined with the party's claim against the tortfeasor.  However, that is precisely what the Mississippi Supreme Court indicated in <u>Lewis</u> may be done, and, although defendants have the court dismiss <u>Lewis</u> as dicta, the fact is, as plaintiff recognizes, whether dicta or not, the court's remarks in <u>Lewis</u> do not appear to have been undermined by the amendment to Rule 57 and are the most direct pronouncement of the Mississippi Supreme Court's position on the propriety of joining a declaratory judgment action to determine insurance coverage with an underlying claim.  Moreover, more recent case law tends to confirm that this is specifically

permissible under Mississippi Rule of Civil Procedure 20, which governs permissive joinder of parties.

Rule 20 provides that multiple parties may join together as plaintiffs if they if they "assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action."  Miss. R. Civ. Proc. 20(a).  With respect to defendants, all may be joined in a case where a plaintiff asserts that they are jointly or severally liable to him or his claimed right to relief arises from the "same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action."  Id. (emphasis added).  See Mercer v. Moody, 918 So. 2d 664, 667 (Miss. 2005) ("Before multiple parties may be joined as either plaintiffs or defendants, '[b]oth of these requirements must be satisfied in order to sustain party joinder under Rule 20(a). . . .'" (citing Janssen Pharmaceutica, Inc. v. Bailey, 878 So. 2d 31, 46 (Miss. 2004)).

Defendants here argue that the "same transaction" requirement is not satisfied, because there are at least two distinct transactions at issue, the first, the manufacture and installation of the stucco, and the second, a contractual determination of insurance coverage.  However, as plaintiff notes, the Supreme

8

Court recently addressed the requirements of Mississippi Rule of
Civil Procedure 20 in the context of a lawsuit which joined a
liability claim against a tortfeasor with a declaratory judgment
claim to establish the plaintiff's right to benefits under his
employer's workers' compensation policy, and, despite the fact
that the plaintiff requested different relief from the tortfeasor
and the workers' compensation carrier, the court opined that

> [t]he "same transaction or occurrence" requirement of
> Rule 20(a) is satisfied, as any potential claims
> [plaintiff] had against either [the tortfeasor] or [the
> worker's compensation carrier] arose out of one distinct
> event, the accident of March 14, 2001.

Mercer v. Moody, 918 So. 2d 664, 667 (Miss. 2005).  Ultimately,
however, the court concluded that since the workers' compensation
carrier had admitted coverage and paid the plaintiff's claim
benefits, then it was not a proper party to the suit because Rule
57 does not allow the joinder of an insurer that has admitted
coverage.  See Miss. R. Civ. Proc. 57(c)(2) (party may seek a
declaratory judgment construing the contract to cover the claim
"[w]here an insurer has denied or indicated that it may deny that
a contract covers a party's claim against an insured").

Defendants dismiss the court's "same transaction" conclusion
in Mercer, as they do the language they find objectionable in
Lewis, as mere dicta; yet there can be no doubt that the court in
Mercer found the "same transaction" requirement satisfied
notwithstanding that one claim involved a tortfeasor's negligence

and the other an insurer's alleged contractual obligations under its insurance policy.

The Insurer defendants argue, alternatively, that even if the "same transaction" requirement is met, the claims present no common questions of law or fact so as to preclude their joinder. In the court's opinion, however, it seems likely that the claims have at least one common issue of fact, and perhaps more. Plaintiff points out, for example, that whereas defendants have themselves contended that the question of when the subject property was built or remodeled is "critical to the coverage determination," the same information is necessary for plaintiff to demonstrate the state of industry knowledge during the relevant time period in order to establish his misrepresentation and negligent design and marketing claims against the Stucco defendants. Further, he states, the conduct of the Stucco defendants is likewise as relevant to a determination of whether they acted within the scope of their coverage as it is to a determination of whether they are liable to plaintiff.

Relying on Mercer, the district court in Mohamed v. Mitchell, 2006 WL 212218, *1 (N.D. Miss. 2006), rejected a charge of fraudulent misjoinder where the plaintiff joined her negligence claim against an alleged tortfeasor relating to an automobile accident with a claim against her insurer and others for, inter alia, breach of contract in connection with the accident. The

10

court found there was "no question that common questions of law
and fact link the Plaintiff's allegations to all of the
Defendants, and that the rights asserted by the Plaintiff against
all the Defendants arise out of the same transaction or series of
transactions."  2006 WL 212218, at 2.[1]  <u>See also</u> <u>Capital City Ins.
Co., Inc. v. Ringgold Timber Co., Inc.</u>, 898 So. 2d 680, 683 (Miss.
Ct. App. 2004), <u>cert</u>. <u>denied</u>, 898 So. 2d 679 (Miss. 2005)
(observing that insurer was properly joined in tort action for
purpose of obtaining a declaratory judgment regarding coverage
obligations); <u>Mississippi Mun. Liability Plan v. Jordan</u>, 863 So.
2d 934 (Miss. 2003) (noting that under Rule 57, insurer that has
denied coverage "would be a proper party" to tort suit against its
insured but is not a proper party where it has admitted coverage).
In light of all of the foregoing, this court cannot conclude that
the claims herein asserted against the Stucco defendants have been
misjoined, much less egregiously misjoined, with their declaratory
judgment action against the Insurer defendants for a determination
of coverage for plaintiff's claims against their insureds.[2]

---

[1]    Defendants criticize <u>Mohamed</u> as an example of the danger
of relying on dicta.

[2]    Defendants cite three cases which they submit support
their position and demonstrate the fact of misjoinder in this
case.  These cases are distinguishable.  None involved the joinder
of a declaratory judgment action to establish coverage with an
underlying action against the insured, the circumstance to which
Rule 57, <u>Lewis</u> and <u>Mercer</u> are addressed.  Indeed, the courts in
these cases did not even acknowledge Rule 57 or <u>Lewis</u>, perhaps
because they considered them irrelevant to the particular claims

11

Accordingly, the court concludes that plaintiff's motion to remand should be granted, and the Insurer defendants' motion to sever denied.

SO ORDERED this 15th day of May, 2006.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

involved.

Benz v. Matthews, Civil Action No. 4:02CV1-P-B (S.D. Miss. July 12, 2002), included a claim for negligence against an automobile driver and a claim by the plaintiff against his own insurer for breach of contract, and did not involve a fraudulent misjoinder analysis. McGuire v. Wineman, Civil Action No. 3:02CV1188LN (S.D. Miss. Nov. 20, 2002), involved a tort claim by a plaintiff and a third-party bad faith claim by the defendant/insured against his insurer; no question of Rule 20 joinder, or of fraudulent misjoinder was presented.

Smith v. Nationwide Mutual Insurance Co., 286 F. Supp. 2d 777 (S.D. Miss. 2003), involved the joinder of the plaintiff's negligence claim against the tortfeasor with a claim against the plaintiff's uninsured motorist carrier for bad faith failure to make medical payments.  The court found that because the claims against the tortfeasor were for negligence relating to the accident, while the plaintiffs' claims against the insurers sounded in contract, for failure to pay benefits, the "plaintiffs ha[d] combined unrelated lawsuits resulting in a fraudulent misjoinder of claims to defeat this court's jurisdiction." Id. at 781.  Again, no declaratory judgment action was involved, so there was no consideration of Lewis or Rule 57.  Moreover, the conclusion does not appear consistent with the supreme court's later opinion in Mercer.

12